```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/27/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                                                                             09 Cr. 386 (DAB)
        -against-                           MEMORANDUM AND ORDER

MANNY ALVAREZ,

                       Defendant.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Defendant Manny Alvarez moves to dismiss the Indictment in the above-captioned action.  The Defendant is charged with illegally re-entering the United States after having been denied admission, excluded, deported and removed subsequent to conviction for an aggravated felony, without having obtained the express consent of the Attorney General of the United States, pursuant to 8 U.S.C. § 1326(a) and (b)(2).  The Defendant argues that the Indictment is defective, and should be dismissed pursuant to Rules 7, 12(b)(2), and 12(b)(3) of the Federal Rules of Criminal Procedure.  Defendant alleges that the warning form he received at the time of his removal either constituted a grant of the Attorney General's permission to return after five years, or exempted the Defendant from the requirement to gain permission for re-entry.  For the reasons set forth below, Defendant's Motion is hereby DENIED.

BACKGROUND

Defendant Manny Alvarez is a citizen of the Dominican Republic. (Defendant's Sworn Statement in Removal Proceedings, Aug. 11, 2001, ("Def.'s Removal Stmt.") at 2, at Government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Indictment ("Govt.'s Mem."), Ex. A.) On or about February 15, 1995, under the false name "Jamie Vargas Burgos", the Defendant was convicted in the Court of Common Pleas of Berks County, Pennsylvania, of Delivery of a Controlled Substance, a felony, in violation of Pennsylvania law. (Sentence Record of the Court of Common Pleas of Berks County, Pennsylvania Criminal Division, at Govt.'s Mem., Ex. B.) The Defendant subsequently left the country, but later attempted to re-enter the United States illegally using a false name and false American identity documents. (Notice and Order of Expedited Removal, Aug. 11, 2001, ("Notice of Removal") at Govt.'s Mem., Ex. C.)

When questioned at the time of his re-entry as to whether he had ever before been arrested, all that the Defendant stated about his arrest in Pennsylvania was that "[i]n Harrisburg, Pennsylvania, I was arrested with my cousin for smoking Marihuana on the street. . . . I paid more or

less $100.00 US Dollars. I was dismissed." (Def.'s Removal Stmt. at 3.) The Defendant did not inform the immigration officials that he had been arrested and convicted in Pennsylvania under a false name for Delivery of a Controlled Substance, a felony. (Id.) Immigration officials removed the Defendant through the expedited procedures of the Immigration and Nationality Act on August 11, 2001, because the Defendant had procured a visa or other document by fraud and had attempted to procure admission to the United States by fraud or willful misrepresentation of a material fact, because he was an immigrant not in possession of a valid, unexpired immigrant visa, and because he falsely represented himself to be a citizen of the United States for the purpose of seeking admission into the United States. (See Notice of Removal, at Govt.'s Mem., Ex. C.) The Defendant was deported that day. (Verification of Removal, at Affidavit of Joel M. Stein ("Stein Aff."), Ex. A.)

Because the basis for the Defendant's removal was his use of false statements and documents and not his prior felony conviction, of which the Defendant did not inform immigration officials, the warning provided to the Defendant at the time of his removal advised only of the bar to subsequent re-entry imposed on those who attempt to enter the

United States through fraud. That is, the warning indicated that Defendant was "prohibited from entering, attempting to enter, or being in the United States . . . for a period of 5 years from the date of your departure from the United States . . ." (Id.) The form also provided that, "[a]fter your deportation or removal has been effected, if you desire to reenter the United States within the period during which you are barred, you must request and obtain permission from the Attorney General . . ." (Id.) The warning did not inform the Defendant that he was also barred from re-entering the United States without the permission of the Attorney General "at any time" because he previously had been convicted of an aggravated felony. (Id.) (emphasis added)

On or about October 24, 2008, the Defendant was found in the United States when he was arrested in Bronx County. (Stein Aff. ¶ 5.) On or about April 17, 2009, the Defendant was charged in the instant Indictment with the crime of illegal re-entry, in violation of 8 U.S.C. § 1326(a) and (b)(2).

## DISCUSSION

The Defendant contends that because the warning that immigration officials gave to the Defendant at the time of

4

his deportation on August 11, 2001 indicated only that he was "prohibited from entering, attempting to enter or being in the United States <u>for a period of 5 years from the date of your departure</u> from the United States" but did not designate that the Defendant was also "prohibited from entering, attempting to enter, or being in the United States . . . <u>at any time</u> because . . . you have been convicted of a crime designated as an aggravated felony", the Defendant was not prohibited from re-entering the United States without the permission of the Attorney General after five years from his deportation. (Stein Aff. at 2-4.) It is for this reason that the Defendant contends that the Indictment is defective. (<u>Id.</u> at 4.)

The Court is not impressed by the Defendant's argument. It appears that immigration officials did not indicate at the time of the Defendant's removal that he could not return to the United States at any time due to his conviction for an aggravated felony because the Defendant had <u>concealed</u> that conviction from the officials. If the Defendant's argument ultimately proves to have any merit, it will have to be made as an affirmative defense to the charge, not as a challenge to the sufficiency of the Indictment itself.

Under Rule 7 of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend," and "enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." U.S. v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

Title 8 U.S.C. § 1326, the illegal re-entry statute under which Defendant is charged, provides that an alien is guilty of a felony if he

> "(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act."

8 U.S.C. § 1326(a). The four elements of illegal re-entry under this Section are that the Defendant was an alien at the time of

6

the alleged offense; that prior to the alleged offense, the Defendant had been deported from the United States; that the Defendant thereafter improperly entered or was found in the United States; and that the Defendant did not have the express permission of the Attorney General to return. 8 U.S.C. § 1326(a); see Leonard B. Sand et al, Modern Federal Jury Instructions - Criminal, § 33A.06. The Defendant may raise as an affirmative defense that consent to re-enter the United States was not required, but it is not an element of the offense that the Government must prove, or include in the Indictment. The Indictment against Mr. Alvarez in 09 CR 386 (DAB) contains the four elements of the offense of illegal re-entry, and informs the Defendant of the charges against him with sufficient detail to prepare a defense. To be sufficient, an indictment need not anticipate affirmative defenses. See United States v. Sisson, 399 U.S. 267, 288 (1970) ("It has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses."). The Indictment is not defective, and Defendant's Motion to Dismiss the Indictment is DENIED.

SO ORDERED.

Dated:  New York, New York
        October 26, 2009

                                    *Deborah A. Batts*
                                    Deborah A. Batts
                                    United States District Judge