```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

                                        09-CR-386 (DAB)
                                        14-CV-8419 (DAB)
             v.                         MEMORANDUM AND ORDER

MANNY ALVAREZ,

             Defendant.
---------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

Before the Court are two motions filed by Defendant Manny Alvarez seeking to reduce his 60-month federal term of imprisonment. On October 7, 2014, Defendant Alvarez filed an Emergency Motion to Amend Criminal Judgment <u>Nunc Pro Tunc</u> ("Motion to Amend Judgment") to allow his federal sentence of 60 months to be retroactively designated as concurrent with a state sentence of 48 months. On March 10, 2015, Defendant Alvarez filed a Motion For A Concurrent Sentence Under 18 U.S.C. Section 3582(c)(2) and Amendment 787 ("Motion for Sentence Reduction") seeking essentially the same relief.

For the reasons stated below, Defendant's Motion to Amend Judgment is DISMISSED, and Defendant's Motion for Sentence Reduction is DENIED, but the Court recommends that the BOP retroactively designate 48 months of Defendant Alvarez's federal sentence as concurrent to his state sentence.

I. BACKGROUND

On December 18, 2009, Defendant Alvarez pleaded guilty before this Court to the crime of illegal reentry in violation of 8 U.S.C. § 1326. (Dkt. No. 23.) On April 26, 2010, this Court sentenced Defendant Alvarez to a term of 60 months imprisonment. (Dkt. No. 26.) At the time that Defendant Alvarez was sentenced, he was in federal custody pursuant to a writ of habeas corpus ad prosequendum, having been arrested and detained previously by New York State. During the federal sentencing proceeding, counsel for Defendant and the Government informed this Court that state charges were pending against Defendant related to a dispute with a woman with whom Defendant had a prior relationship. (Dkt No. 28, Sentencing Trans., at 12-13.) Defendant was subsequently returned to state custody to face the pending state charges.

Defendant Alvarez pleaded guilty in the New York State Supreme Court, Bronx County, to burglary in the second degree on July 26, 2010. (Mot. to Am. Judg., Dkt. No. 31, Ex. 3.) On August 9, 2010, he was sentenced by Acting Justice of the New York Supreme Court Miriam Best to a determinable term of four years' imprisonment. The Uniform Sentence & Commitment in the state case indicated that his state sentence "shall

run concurrently with federal case # 09CR386" and contained a recommendation that his state sentence be served in a federal correctional facility. (Mot. to Am. Judg., Ex. 1.)

Defendant Alvarez served his state sentence in state prison until he was released on July 31, 2012 to federal custody pursuant to a detainer, and commenced service of his federal sentence. He remains in federal custody.

While still in state custody, Defendant Alvarez sent two ex parte letters to this Court, dated February 17, 2011 and March 10, 2012, seeking clarification as to how the two sentences should be carried out given the State Court's recommendation. As per this Court's policy, the Court forwarded these letters to Defendant Alvarez's counsel of record, Joel M. Stein, to take appropriate action. In October 2012, apparently at the request of Justice Best, Assistant District Attorney Christine Daly contacted the Federal Bureau of Prisons ("BOP") to determine how it would calculate Defendant's sentence once he was transferred to federal custody. The BOP indicated that Defendant could make a request to the BOP to have his time in state custody retroactively designated and credited against his federal sentence. (Mot. to Am. Judg., Ex. 4.)

By letter dated December 3, 2012, the BOP contacted this Court, seeking the Court's position as to retroactive designation ("BOP Letter"). The first and only indication that this Court received about Defendant's request for retroactive designation was the December 3 letter from the BOP asking for the Court's position. In that letter, there was no mention made of the State Court's imposition of a concurrent sentence, nor the State's efforts to have that concurrent sentence effectuated.

On October 7, 2014, Defendant Alvarez filed the instant Motion to Amend Judgment. In his Motion, Defendant asserts that the BOP contacted this Court, but did not receive a response. (Mot. to Am. Judg. 3.) Further, Defendant asserts that the BOP has indicated that it presumes that the sentences should run consecutively, and thus retroactive designation is not appropriate, because New York State had primary jurisdiction over Defendant and thus his New York sentence was executed appropriately before his federal sentence. (Id.) Defendant asks that the Court amend its Judgment to designate his federal sentence concurrent to his state one. The Government did not respond to this Motion.

The Court informally construed Defendant's Motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2241, see Setser v. United States, 132 S.Ct. 1463, 1473 (2012), and a civil case was administratively opened.[1] See Alvarez v. United States, No. 14-CV-8419. On February 25, 2015, Defendant Alvarez filed a Motion to Dismiss Without Prejudice Petitioner's § 2241 Motion for Lack of Jurisdiction. (Id. at Dkt. No. 3.)

On March 10, 2015, Defendant Alvarez filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that recent Amendments to the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines"), effective November 1, 2014, apply to Defendant. Defendant argues that Amendment 787, which amends Sentencing Guideline § 5G1.3 and adds a Note to § 2L1.2, instructs that the sentence for Defendant's illegal reentry should have been concurrent to his state sentence, and thus that his federal sentence should be computed to include the time served on his state charges. The Government opposed this Motion by letter dated April 2, 2015,[2] arguing that Amendment 787 does not

---

[1] The Court notes that to construe formally the petition as one under 28 U.S.C. § 2241 and adjudicate it on the merits, Defendant Alvarez would have had to be notified and given the opportunity to withdraw his submission. See Simon v. United States, 359 F.3d 139, 143-44 (2d. Cir. 2004).

[2] The Government also submitted a letter dated March 16, 2015, explaining the Government's general approach to sentence reductions pursuant to a different Sentencing

apply retroactively and, in any case, would not apply to Defendant.³

II. DISCUSSION

    A. Defendant's Motion to Amend Judgment

        1. Legal Standards

As a preliminary matter, the Court notes that the state court order that the state court sentence be served concurrently with the federal sentence "is not binding on federal authorities." Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005) (citing McCarthy v. Doe, 146 F.3d 118, 120–21 (2d Cir. 1998)). In Setser, the U.S. Supreme Court resolved a Circuit split about whether the federal sentencing judge or the Bureau of Prisons has the authority to make a

---

Guideline Amendment affecting drug offenses. (Dkt No. 34.) On March 24, 2015, Defendant replied to the Government's letter, correctly pointing out that Defendant is not seeking a reduction pursuant to that Amendment. For the purposes of the pending Motions, the Court disregards the Government's March 16, 2015 letter.

³ In its April 2, 2015 letter, the Government also noted that, based on communication with the BOP, it understands that Defendant has previously made a request to the BOP seeking credit towards his federal sentence for time served in state custody, and that Defendant has "continued to pursue relief through the BOP's Administrative Remedy Program pursuant to 28 CFR § 542.10 et seq." The Government states, citing Setser, that Defendant may, upon exhausting his administrative remedies, file a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Georgia, where he is currently confined.

determination about whether a federal sentence should be served concurrently or consecutively with a yet-to-be-imposed state court sentence, holding that authority lies with federal sentencing judges. Setser v. United States, 132 S. Ct. 1463, 1471-72 (2012); Abdul-Malik, 403 F.3d at 74-75. However, the Supreme Court did not have before it, and did not address, the question of how determinations should be made about retroactive designations that have the effect of making federal and state sentences run concurrently when the federal sentencing judge was originally silent on the issue.[4]

Since Setser, the Second Circuit has had limited opportunity to consider the issue, but has stated that "when a defendant serves an initial state sentence and a subsequent federal sentence, the federal district court 'decides whether he will receive credit for the time served in state custody.'" United States v. McIntosh, 753 F.3d 388, 395 (2d Cir. 2014)(citing Setser). Although it is unclear in light of Setser whether petitioners can go directly to the federal sentencing judge in the first instance or must apply through

---

[4] Prior to Setser, the Second Circuit was clear, albeit with reservations, that the decision about whether to designate retroactively state prison as a prisoner's place of federal confinement, thus effectively making sentences run concurrently, was within BOP discretion. Abdul-Malik, 403 F.3d at 76.

the BOP,[5] the BOP Program Statement on the topic and the BOP Letter in this case suggest that it is the BOP's policy to ascertain the position of the sentencing judge in its determination of nunc pro tunc designation requests. BOP Letter; BOP Program Statement 5160.05(9)(b)(1)(2003). Furthermore, other judges in this District have recommended to the BOP, upon application by defendants, that it retroactively designate federal sentences to run concurrently with state sentences, and have reviewed such BOP determinations. See, e.g., United States v. Mulligan, No. 08 Cr. 764 (NRB), 2014 WL 5768758, *1-2 (S.D.N.Y. Nov. 4, 2014) (recommending that BOP retroactively designate part of petitioner's federal sentence as concurrent to his state sentence, where state court ordered sentence to be consecutive to all other sentences); Martinez-Cisneros v. Hufford, No. 13 Civ. 6888(AT)(JCF), 2014 WL 3610797 (S.D.N.Y.

---

[5] In Setser, the federal sentencing court made a determination as to concurrent-versus-consecutive sentencing at the time of the original sentencing. The issue only arose later when the structure of the state court's sentence made the federal court's instruction about concurrent and consecutive sentencing impossible to implement. The Supreme Court suggested that the BOP's discretion comes into play where there are "late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence." Id. at 1473. In that case, the prisoner must urge the BOP to credit his time in state prison towards his federal sentence, exhaust his administrative remedies, and may then seek a writ of habeas corpus under 28 U.S.C. § 2241. Id.

Jul. 18, 2014), report and recommendation adopted by 2014 WL 3854077 (S.D.N.Y. Aug. 5, 2014)(finding § 2241 petition moot because BOP retroactively designated federal and state sentence concurrent after sentencing judge so recommended, where state court ordered sentence to be concurrent to federal sentence); Henriquez v. United States, No. 12 CIV. 5590 (AKH), 2012 WL 6739422, at *3 (S.D.N.Y. Dec. 27, 2012) (dismissing petitioner's § 2255 petition for review of BOP denial of nunc pro tunc designation, with leave to file as a § 2241 petition if petitioner showed he had exhausted administrative remedies).

### 2. Application to Defendant

In the instant case, Defendant Alvarez has applied to both the Court and the BOP seeking relief. As to the form of Defendant's Motion to Amend Judgment, the Court informally construed the Motion as a petition for writ of habeas corpus, and a civil case was administratively opened. Defendant Alvarez has requested the habeas petition be dismissed without prejudice for lack of jurisdiction. Because consent of Defendant is required to construe his motion as a § 2241 petition, the Court hereby DISMISSES without prejudice the habeas petition and directs the Clerk of the Court to terminate the pending civil case, 14-CV-8419.

It is not clear that Defendant must exhaust his administrative remedies before bringing this Motion, nor whether he has done so.  The BOP first contacted this Court for its position on retroactive designation in December 2012. At that time, the Court declined to recommend retroactive designation. However, it appears that Defendant Alvarez may be continuing to pursue relief through the BOP.  Because the information before the Court in December 2012 was incomplete as described below, and because the BOP considers and, arguably must comply with, the sentencing judge's position, the Court hereby amends its prior recommendation.

At the time of the federal sentencing in April 2010, although the Court was aware that state charges were pending, they were only charges; there had been no plea or conviction. Defendant Alvarez had not yet been adjudicated guilty by the State Court, much less received his sentence. Nor was Second Circuit law as clear as it is now that federal sentencing judges have the power to make such anticipatory determinations, since the federal sentencing pre-dated <u>Setser</u>.  Thus, the Court was silent as to whether the sentence would be concurrent or consecutive with any yet-to-be-imposed state sentence.

Nevertheless, among other factors set forth in 18 U.S.C. § 3553(a), the Court considered the alleged violent nature of

the underlying conduct of the state charges as one factor in fashioning its sentence in the federal case.  The Court also considered Defendant's criminal history, which included conduct that Defendant committed between the ages of seventeen and nineteen, some of which counted towards his criminal history category calculation and some which did not; additionally, the Court considered the fact that Defendant had failed to disclose some of his criminal history to immigration authorities, which contributed to Defendant's misunderstanding about whether he was permitted to reenter the United States.

When the BOP contacted the Court in December 2012, its letter included nothing about the sentence in Defendant's state case; it did not indicate that the State Court had ordered that its sentence be concurrent with the federal sentence, nor its recommendation that the state sentence be served in a federal facility.  Based on the information before it, the Court did not consider, nor could it have, the State Court's sentence and recommendation.

The Court amends its prior recommendation, and hereby recommends to the BOP that 48 months of Defendant's 60-month federal sentence be retroactively designated as concurrent to his state sentence.  The Court finds that this sentence is appropriate because it accords with the Court's intention at

the original sentencing of ensuring that the Defendant receives sufficient punishment for his serious federal crime. It also respects the integrity of the State Court's sentence which, presumably, took into account the already-imposed federal sentence.

Accordingly, Defendant Alvarez's Motion to Amend Judgment is DISMISSED. The Court hereby RECOMMENDS to the BOP that it retroactively designate 48 months of Defendant Alvarez's 60-month federal sentence concurrent with his state sentence.

### B. Defendant's Motion for Sentence Reduction

#### 1. Legal Standards

Pursuant to 18 U.S.C. § 3582, the court may only make modifications to terms of imprisonment under certain circumstances. "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The statute contemplates a two-part inquiry. "At step one, § 3582(c)(2)

requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010).

To obtain a sentence reduction through retroactive application of an Amendment, the Sentencing Commission must have stated expressly that the Amendment at issue applies retroactively. <u>See</u> Sentencing Guidelines § 1B1.10(a) (Policy Statement); <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997).

### 2. Application to Defendant

Defendant Alvarez seeks relief pursuant to 18 U.S.C. § 3582(c)(2), arguing that Amendment 787 to the Sentencing Guidelines applies to him. This Amendment adds a new subsection (c) to Sentencing Guideline § 5G1.3, instructing that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the

13

anticipated term of imprisonment." The Amendment also amends Sentencing Guideline § 2L1.2, Note 8, which applies to defendants who are aliens and allows for a departure based on time served in state custody between the time a defendant is discovered by immigration authorities and the commencement of the federal sentence.

The Government argues, and the Court agrees, that Defendant is not entitled to a sentence reduction because the Amendment is not retroactive.

Amendment 787 does not appear in Sentencing Guidelines § 1B1.10(d), which lists Amendments that are expressly retroactive. Further, Defendant's argument that the Amendment is a "clarifying amendment" rather than a substantive one is unavailing. While Defendant is correct that such an amendment would apply retroactively, see United States v. Amico, 573 F.3d 150, 150 (2d Cir. 2009), the changes here are substantive and thus cannot be presumed retroactive. The change to § 5G1.3 expands the application of the Guideline to include not only undischarged terms of imprisonment but also anticipated state terms of imprisonment. The change to § 2L1.2, Note 8, similarly authorizes a new departure from the Guidelines. Thus, the Amendment is not retroactive, and Defendant Alvarez cannot seek a sentence reduction pursuant to it. The Court declines

to analyze whether the Amendment, if retroactive, would apply to Defendant. Defendant's Motion for Sentence Reduction is DENIED.

III. CONCLUSION

For the reasons stated herein, Defendant's Emergency Motion to Amend Criminal Judgment is DISMISSED, but the Court recommends to the BOP that 48 months of Defendant Alvarez's federal sentence be retroactively designated as concurrent to his state sentence. Defendant's habeas petition, which was administratively opened by the Court under the civil case number 14-cv-8419, is DISMISSED without prejudice, and the Clerk of the Court is directed to close the civil case. Defendant's Motion to Reduce Sentence is also DENIED.

SO ORDERED.

Dated:   New York, New York
         April 17, 2015

_____
Deborah A. Batts
United States District Judge